# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 1:26-cv-00969-RMR

ROLANDO CABRERA RODRIGUEZ,

      Plaintiff-Petitioner,

v.

PAMELA BONDI[1], in her official capacity as Acting U.S. Attorney General;
MARKWAYNE MULLIN, ins his official capacity as Secretary of the U.S. Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility,

      Defendants-Respondents.

---

## ORDER

---

Pending before the Court is Petitioner Rolando Cabrera Rodriguez's ("Mr. Cabrera Rodriguez") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Respondents filed a Response to the Petition ECF No. 15, and Mr. Cabrera Rodriguez filed a Reply to the Response, ECF No. 16. The Court reviewed the Petition, the Motion, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is DENIED.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche, the Acting United States Attorney General, is substituted for Pamela Bondi.

## I.    BACKGROUND

Mr. Cabrera Rodriguez is a native citizen of Cuba. ECF No. 1 at p. 8.[2] He fled Cuba on or about September 15, 2024. *Id.* He entered the United States on Janaury 8, 2025. Upon entry, the United States granted Mr. Cabrera Rodriguez parole through April of 2025.[3] *Id*. Palm Beach Police Department stopped Mr. Cabrera Rodiguez due to a malfunctioning license plate light on November 13, 2025. *Id.* at p. 9. Mr. Cabrera Rodriguez did not have a valid driver's license. *Id.* Palm Beach officers transported him to Palm Beach County Jail due to his immigration status. *Id.*

On November 14, 2025, Respondents issued a Warrant for his Arrest pursuant to Immigration and Nationality Act ("INA") §236. *Id.* Respondents issued a notice to appear and charged him under INA §212 (a)(7)(A)(i)(I). *Id.* Mr. Cabrera Rodriguez applied for asylum via I-589 on January 7, 2026. *Id*. He also submitted a I-485 Application for Permanent Residence or Adjust Status under the Cuban Adjustment Act. *Id*.

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-

---

[2] Petitioner's paragraphs are inconsistently labeled in ECF No. 1. This Court will refer to the ECF 1 by page number.

[3] Petitioner puts forth conflicting evidence in the exhibits attached to his original petition, ECF No. 1, and his reply, ECF No. 16. Exhibit C attached to ECF No. 1 shows his parole expired in April 2025. Whereas, Exhibit L, attached to ECF No. 16, shows his parole expires in Janaury 2027.

period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### III.    ANALYSIS

#### A.    Class Eligibility

The majority of Mr. Cabrera Rodriguez's Petition, ECF No. 1, centers on his argument that he is a member of the nationwide class certified under *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, F. Supp. 3d, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). *See generally* ECF 1. This Court conditionally certified a similar class in *Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 3251143, at *2 (D. Colo. Nov. 21, 2025). Mr. Cabrera Rodriguez is in the physical custody of Denver Contract Detention Facility in Colorado. ECF No. 1 at p. 2. Thus, this Court determines it is more appropriate to analyze Mr. Cabrera Rodriguez's class eligibility under the conditionally certified class of this Court, as opposed to *Maldonado Bautista,* a case out of California. Under *Gutierrez,* the following class of noncitizens like Petitioner who are, or will be, arrested or detained by ICE under Section 235 of the INA, 8 U.S.C. § 1225:

All people who are arrested or detained by Respondents in Colorado pending a decision on whether they are to be removed from the United States based on alleged violations of the Immigration and Nationality Act, or who are otherwise subject to the jurisdiction of an Immigration Court located in Colorado, where:

(a)     For the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States;

(b)     For the person's most recent entry into the United States, the person was not paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry;

(c)     The person is not a person whose most recent arrest occurred at the border while they were arriving in the United States; and,

(d)     The person is being detained based on Respondents' assertion that they are subject to 8 U.S.C. § 1225(b)(2)(A).

*Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 3251143, at *2 (D. Colo. Nov. 21, 2025). This Court finds that Mr. Cabrera Rodriguez does not fall within the *Gutierrez* class because he does not meet element (b), as the United States placed him on parole upon his most recent entry.

## B.     Inadequate Pleading

Mr. Cabrera Rodriguez's Reply, ECF No. 16, improperly raises novel arguments and puts forth new evidence not previously disclosed in his petition, ECF No. 1. In ECF No. 16 at page 2, Mr. Cabrera Rodriguez alleges, for the first time, that the United States granted him parole from January 8, 2025, through January 6, 2027. He further explains that on or about April of 2025, "Petitioner was notified that his parole was revoked without any explanation." *Id.* Mr. Cabrera Rodriguez attaches new evidence of this adjusted parole time period at Exhibit L. He then utilizes this information to craft an entirely new

argument, that the United States allegedly unlawfully terminated his parole, and this in turn nullifies his continued detention under 8 U.S.C. § 1225. *Id.* at 5.

It is well established that insertion of new evidence by a moving party in a reply brief is improper. *United States v. Harrell,* 642 F.3d 907, 918 (10th Cir. 2011) ("Arguments raised for the first time in a reply brief are generally deemed waived.") Moreover, the Tenth Circuit declared that consideration of issues raised for the first time in a reply brief "robs the [non-moving party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). *See also Schott v. Univ. of Denver*, No. 21-CV-01645-CMA-STV, 2023 WL 6048792, at *1 (D. Colo. Sept. 15, 2023).

Petitioner attempts to justify the insertion of this new information by claiming he is a part of a new certified class out of the District of Massachusetts established via *Sileiri Doe et al. v. Department of Homeland Security et al.*, No. 1:25-cv-12245-ADB (D. Mass. Mar. 31, 2026. This argument is unavailing for the same reasoning outlined in section A. of this order; the conditionally certified class from *Gutierrez v. Baltasar* would be the appropriate class for Mr. Cabrera Rodriguez if he were eligible. Petitioner's attempt to sidestep well-established pleading principles is ineffective and this Court must deny the petition due to improper pleading.

## IV.    CONCLUSION

For the reasons stated above, the Court DENIES Mr. Cabrera Rodriguez's Petition for Writ of Habeas Corpus, ECF No. 1, WITHOUT PREJUDICE.

DATED: April 23, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge